**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Suzie Rae Martin, | No. CV-22-02100-PHX-DLR |
| Plaintiff, | **ORDER** |
| v. | |
| Commissioner of Social Security Administration, | |
| Defendant. | |

Plaintiff Suzie Rae Martin brought this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a final decision by the Commissioner of the Social Security Administration. (Doc. 1.) On November 6, 2023, Magistrate Judge Camille D. Bibles issued a Report and Recommendation ("R&R"), recommending that the Court affirm the Commissioner's final decision, which denied Plaintiff disability-based benefits. (Doc. 22.) Plaintiff filed timely objections to the R&R. (Doc. 23.) The Commissioner did not respond to Plaintiff's objection.

The factual and procedural background have been thoroughly set forth in the R&R, so the Court will not repeat it here. After reviewing the R&R and considering the arguments raised in Plaintiff's Objections, the Court will overrule the Objections and adopt Judge Bibles' Recommendation.

**I.      STANDARD OF REVIEW**

The Court "may accept, reject, or modify, in whole or in part, the findings or

recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). "[T]he district judge must review the magistrate judge's findings and recommendations *de novo* if objection is made, but not otherwise." *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003); *see also* Fed. R. Civ. P. 72(b). The Court is not required to conduct "any review at all . . . of any issue that is not the subject of an objection." *Thomas v. Arn*, 474 U.S. 140, 149 (1985).

## II. DISCUSSION

Plaintiff raises three objections, all of which focus on Judge Bibles' finding that the ALJ properly evaluated and discredited Plaintiff's symptom testimony.

First, Plaintiff asserts that Judge Bibles "equate[s] the ALJ's recognition of the regulatory authority with compliance" and argues that the ALJ merely recognizing the applicable authority is insufficient to discredit a claimant's symptom testimony. (Doc. 23 at 2–3.) Plaintiff mischaracterizes both the R&R and the ALJ's decision. The ALJ discredited Plaintiff's testimony because the ALJ found that Plaintiff's claims concerning the severity and limiting effects of her migraines and epilepsy were inconsistent with other medical evidence in the record and Plaintiff's daily activities. (AR. 23.) Judge Bibles properly concluded that these are specific, clear, and convincing reasons to discredit a claimant's symptom testimony. *See Thomas v. Barnhart*, 278 F.3d 947, 959 (9th Cir. 2002) (holding that inconsistencies between subjective complaints and objective medical evidence is a clear and convincing reason for discounting claimant's testimony); *Bray v. Comm'r, Soc. Sec. Admin.*, 554 F.3d 1219, 1227 (9th Cir. 2009) ("In reaching a credibility determination, an ALJ may weigh consistencies between the claimant's testimony and his or her conduct, daily activities, and work record, among other factors."). Judge Bibles also properly found that substantial evidence supports the ALJ's finding. (Doc. 22 at 24–29.) The Court agrees with Judge Bibles and finds no error in the reasoning.

Next, Plaintiff argues that Judge Bibles improperly relies on the Commissioner's post-hoc rationalization to find that the ALJ properly discounted Plaintiff's symptom testimony. (Doc. 23 at 4–5.) Plaintiff explains that while Judge Bibles highlights a

discrepancy between Plaintiff's testimony and treatment records regarding the frequency of Plaintiff's visits to her neurologist, the ALJ never mentioned this discrepancy, and thus this is not a sufficient ground to affirm the ALJ's decision.

The Court does not find that Judge Bibles engaged in any post-hoc rationalization. As discussed, the ALJ concluded that Plaintiff's testimony lacked credibility because medical evidence in the record contradicted her claims regarding the severity of her impairments and symptoms. The ALJ specifically noted parts of the record that supported this finding. (*See* AR. 23–25.) "In making disability determination, the ALJ must develop the record and interpret medical evidence. . . . However, in interpreting the evidence and developing the record, the ALJ does not need to discuss every piece of evidence." *Howard ex rel. Wolff v. Barnhart*, 341 F.3d 1006, 1012 (9th Cir. 2003) (internal quotation marks omitted). Contrary to Plaintiff's assertion, Judge Bibles was not recommending that this Court affirm the ALJ's decision based on a post-hoc rationale but rather was engaging in the requisite review of the record and ensuring that substantial evidence supports the ALJ's finding, which it does.

Plaintiff's last objection argues that Judge Bibles—citing what Plaintiff asserts is outdated case law—improperly suggests that Plaintiff's "case is weak because she did not obtain a statement of disability from a treating doctor." (Doc. 23 at 6.) Plaintiff asserts that regulatory changes since 1993 have eliminated the treating physician rule[1] and under current regulations, statements by medical sources that an individual is disabled are "inherently neither valuable nor persuasive." (Doc. 23 at 6.)

The Court finds that Judge Bibles' reasoning is sound. Judge Bibles correctly notes that the burden is on Plaintiff to establish her disability and that "[a]though [a] lack of medical evidence cannot form the sole basis for discounting pain testimony, it is a factor that the ALJ can consider in his credibility analysis." (Doc. 22 at 27, quoting *Burch v. Barnhart*, 400 F.3d 676, 681 (9th Cir. 2005)). Here, Plaintiff claimed disabling epilepsy

---

[1] Under the now-abrogated "treating physician rule," the ALJ was required to give more weight to medical opinions from a claimant's treating physician. *See Woods v. Kijakazi*, 32 F.4th 785, 791 (9th Cir. 2022).

and migraines yet did not submit objective medical evidence, such as from a treating physician, substantiating the severity of such impairments or the frequency of her symptoms. Judge Bibles concluded that this further substantiates the ALJ's decision to discredit Plaintiff's symptom testimony, and the Court agrees. Accordingly,

**IT ORDERED** that Plaintiff's Objections to the Report and Recommendation (Doc. 23) are **OVERRULED**.

**IT IS FURTHER ORDERED** that Magistrate Judge Bibles' Report and Recommendation (Doc. 22) is **ACCEPTED** and **ADOPTED**.

**IT IS FURTHER ORDERED** that the decision of the Commissioner is **AFFIRMED**. The Clerk of the Court shall enter judgment accordingly and terminate this case.

Dated this 1st day of May, 2024.

Douglas L. Rayes
United States District Judge